Dear Mr. Pelzer:
This opinion is in response to your questions asking:
 1. Is the Health and Educational Facilities Authority of the State of Missouri, described under Chapter 360 RSMo. 1978, a public or private organization?
 2. If governmental, is the Health and Educational Facilities Authority an instrumentality of the state as defined in Sections 105.300.7 and 105.350.1 RSMo 1978, for the purposes of extending benefits of Title 2 of the Social Security Act (42 U.S.C.A., Section 401 et. seq.), or is it a state agency?
 42 U.S.C.S. Section 418 (L.Ed. 1973 Supp. 1984) extends Federal Old-Age and Survivors Insurance to the employees of any state or political subdivision thereof, when an agreement has been made to extend coverage to such state or political subdivision.
42 U.S.C.S. Section 418(b)(1) (L.Ed. 1973) states: "The term `State' does not include the District of Columbia, Guam, or American Samoa." 42 U.S.C.S. Section 418(b)(2) (L.Ed. 1973) states: "The term `political subdivision' includes an instrumentality of (A) a State, (B) one or more political subdivisions of a State, or (C) a State and one or more of its political subdivisions."
Section 105.310, RSMo 1978, requires the "state agency" (defined in Section 105.300(11), RSMo Supp. 1983, as the Division of Accounting in the Office of Administration) upon the approval of the Governor to enter into an agreement extending the benefits of the federal old-age and survivors insurance system to employees of the state, to the state's political subdivisions, and to any instrumentality. Section 105.350.1, RSMo 1978, provides that each political subdivision of the state and each instrumentality of the state or of a political subdivision may submit to the state agency a plan for extending the benefits of Title 2 of the Social Security Act to its employees.
Section 105.300(8), RSMo Supp. 1983, defines the phrase "political subdivision" as "any county, township, municipal corporation, school district, or other governmental entity of equivalent rank;". Section 105.300(7), RSMo Supp. 1983, defines the term "instrumentality" as "an instrumentality of a state or of one or more of its political subdivisions but only if such instrumentality is a juristic entity which is legally separate and distinct from the state or such political subdivision and whose employees are not by virtue of their relation to such juristic entity employees of the state or such subdivision;".
Section 360.020, RSMo 1978, states in part:
 There is hereby created a body politic and corporate to be known as the "Health and Educational Facilities Authority of the State of Missouri". The authority is hereby constituted a public instrumentality and body corporate, . . .
In Menorah Medical Center v. Health and Educational FacilitiesAuthority, 584 S.W.2d 73, 82 (Mo. banc 1979), the court held that the Health and Educational Facilities Authority ("HEFA") is a public body and instrumentality separate and apart from the state.
Reorganization Plan No. 2 of 1976 and the Executive Order dated August 11, 1976, App. A, RSMo 1978, assigned HEFA to the Department of Consumer Affairs, Regulation, and Licensing ("CARL")[1] and stated that the staff of HEFA was provided by CARL. Under Reorganization Plan No. 2 of 1976, HEFA was treated in a manner similar to the Missouri Housing Development Commission in House Bill No. 1797, Seventy-Seventh General Assembly, Second Regular Session, as amended by House Bill No. 528, Eighty-Second General Assembly, First Regular Session, App. B(1), RSMo Supp. 1983.
Reorganization Plan No. 2 of 1976, however, was revoked by Reorganization Plan No. 1 of 1978 and the Executive Order dated January 11, 1978, App. A, RSMo 1978. Under Reorganization Plan No. 1 of 1978, HEFA is still assigned to CARL, but HEFA's staff is provided by HEFA, not CARL.
The definition of "instrumentality" in Section 105.300(7), RSMo Supp. 1983, establishes two conditions that must be met for "instrumentality" status: (1) The instrumentality must be a juristic entity legally separate and apart from the state or its political subdivisions,and (2) the employees of the instrumentality cannot be employees of the state or its political subdivisions.
HEFA satisfies the first condition, because it is an entity separate and apart from the state. Menorah Medical Center,584 S.W.2d at 82. HEFA, satisfies the second condition also, because its employees are employees of HEFA, not CARL. Therefore, HEFA is an instrumentality of the state for purposes of 42 U.S.C.S. Section 418
(L.Ed. 1973 Supp. 1984) and Sections 105.300 to 105.440, RSMo 1978 Supp. 1983.
CONCLUSION
It is the opinion of this office that the Health and Educational Facilities Authority organized under Chapter 360, RSMo 1978 Supp. 1983, is an instrumentality of the state for purposes of42 U.S.C.S. Section 418
(L.Ed. 1973 Supp. 1984) and Sections 105.300 to 105.440, RSMo 1978 Supp. 1983.
Yours very truly,
 JOHN ASHCROFT Attorney General
[1] Senate Joint Resolution No. 17, Eighty-Second General Assembly, Second Regular Session (adopted August 7, 1984, effective thirty days thereafter, Article XII, Section 2(b), Missouri Constitution), deletes CARL from the list of constitutionally enumerated state departments and adds the Department of Economic Development to this list.